UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSE JAIME LOPEZ, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:03CV1598 AGF |
| PHELPS COUNTY, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Jose Lopez's motion for reconsideration of this Court's Order dated April 5, 2005, dismissing the "Unknown Named Deputy Sheriffs" from this action. For the reasons set forth below, this motion shall be granted.

Plaintiff filed this action pro se under 42 U.S.C. § 1983 against Phelps County and several county police officers. He claims that the officers used excessive force when arresting him on February 10, 2002, and then denied him needed medical attention, all in violation of his constitutional rights. Plaintiff named two of the officers allegedly involved (Will Loughridge and James Schrimpsher) and added as defendants "Unknown Named Sheriff" and "Unknown Named Deputy Sheriffs." He subsequently was granted leave to amend his complaint by substituting Don Blankenship for the "Unknown Named Sheriff."

By Order dated March 2, 2004, the Court ordered the named Defendants to provide Plaintiff with the names of the three unnamed deputy sheriffs Plaintiff claimed

were involved in his arrest. In a response to the Court, the named Defendants filed a Disclosure dated April 2, 2004 [Doc. #17], in which they stated that the only deputy sheriffs of Phelps County involved in the February 10, 2002 arrest of Plaintiff were Loughridge and Schrimpster. Accordingly, by Order dated March 23, 2005, the Court issued a Show Cause Order ordering Plaintiff to show cause, by March 31, 2005, why the "Unknown Named Deputy Sheriffs" should not be dismissed from this action. The Court cautioned Plaintiff that failure to respond would result in the dismissal of these Defendants. By Order dated April 5, 2005, the Court noted that Plaintiff had not responded to the Show Cause Order, and dismissed the "Unknown Named Deputy Sheriffs" from the action.

Plaintiff now asks the Court to reconsider the dismissal of these Defendants. Plaintiff asserts that he was in transit from one prison to another when the March 23, 2005 Show Cause Order was issued and that he never received a copy of that Order. In an accompanying response to the Show Cause Order Plaintiff states that he tried to obtain the names of the "unknown named deputy sheriffs" from the named Defendants to no avail. He asserts that the named Defendants are hiding the identities of the other individuals involved in the conduct giving rise to his claims.

Defendants Phelps County, Loughridge, Schrimpster, and Blankenship have filed a joint opposition to Plaintiff's motion for reconsideration. They assert that they "long ago" provided Plaintiff with all information regarding the persons who participated in his arrest. They point to their responses, dated August 18, 2004, to Plaintiff's interrogatory requesting the names of all persons present at the drug checkpoint where Plaintiff was

arrested, or who were otherwise involved in Plaintiff's arrest on February 10, 2002. Defendants named a patrolman of the Galesburg, Illinois, Police Department; a deputy of the Knox County, Illinois, Sheriff's Department; and a sergeant who conducted the follow-up investigation of Plaintiff. Defendants assert that these answers "represent Defendants' entire knowledge of the persons involved in Plaintiff's arrest." Defendants argue that Plaintiff's motion for reconsideration should be denied because after being served with these responses, Plaintiff took no action to seek to amend his complaint to name additional parties and to serve them.

The Court is somewhat troubled by the named Defendants' response to the March 2 Order requiring Defendants to provide the names of the three unnamed deputy sheriffs Plaintiff alleged were involved in his arrest. The Defendants' April 2, 2004 Disclosure [Doc. #17] reiterated the names of the two Phelps County Deputy Sheriffs already named, without disclosing to Plaintiff or the Court that officers from other jurisdictions were working with the named Defendants at the time of the arrest. While the Complaint alleged that the three unknown individuals were deputy sheriffs employed by Phelps County, the Order requiring Defendants to disclose the names did not specify Phelps County deputy sheriffs. It is true that some months later the named Defendants provided Plaintiff with the names of three other individuals who were involved in the arrest in question in response to written discovery, and Plaintiff took no action at that time to amend his Complaint. It is also true, however, that had the presence of officers from other jurisdictions been disclosed in response to this Court's prior Order, it is likely that the current problem would have been resolved at that time.

3

Under all of the circumstances, the Court will grant Plaintiff's motion for reconsideration and give him additional time to move to amend his complaint by substituting named individuals for "Unknown Named Deputy Sheriffs," and to obtain service on such individuals.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for reconsideration is **GRANTED**. [Doc. #35].

**IT IS FURTHER ORDERED** that Plaintiff shall have up to and including May 31, 2005, to file a motion to amend his complaint by substituting named individuals for "Unknown Named Deputy Sheriffs" as Defendants in this action. The motion to amend shall plainly identify which previously unnamed defendant or defendants is to be substituted in which paragraphs of the complaint.

**IT IS FURTHER ORDERED** that Plaintiff shall provide addresses (home addresses if known) for the individuals named so that the Marshal's Service can attempt service.

**IT IS FURTHER ORDERED** that Plaintiff's failure to comply with this Order shall result in the dismissal of "Unknown Named Deputy Sheriffs" as Defendants in this action without further notice from the Court.

_____
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 13th day of May, 2005