UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSE J. LOPEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 4:03-CV-1598 CEJ |
| | ) |
| COUNTY OF PHELPS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant Carmello Crivello's motion for summary judgment. The plaintiff has filed a response, and the matter is fully briefed.

Plaintiff Jose Lopez, acting *pro se*, initially brought this 42 U.S.C. § 1983 action against the Phelps County Sheriff and several deputies. The plaintiff claimed that during the course of his arrest he was subjected to an illegal search and seizure, excessive force, and was denied needed medical attention. Defendants Phelps County, Sheriff Don Blankenship, and Sheriffs Deputies Will Loughridge and James Schrimpsher filed a motion for summary judgment, which was granted by this Court on September 9, 2005. Before the adjudication of plaintiff's claims as to the those defendants, however, the plaintiff amended his complaint to name three previously unidentified officers. Plaintiff has since voluntarily dismissed his complaint against two of these officers, Keith Nothom and Torry Carnes. The only remaining defendant in

this action, Carmello Crivello, now moves for summary judgment on claims of excessive force and denial of medical attention.[1]

**Summary Judgment Standard**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment, a court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the record. Hott v. Hennepin County, Minn., 260 F.3d 901, 904 (8th Cir. 2001).

The moving party bears the burden of showing the absence of a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). When a motion for summary judgment is made and properly supported by evidence, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that there is "a genuine issue for trial." Fed. R. Civ. P. 56(e); Cole v.

---

[1] In his second amended complaint, plaintiff also asserts against Crivello the claim that Phelps County adopted a custom or policy of conducting unconstitutional ruse checkpoints, and failed to train its officers. Because a claim of municipal liability can only be asserted against the county or other municipal entity that employed the officers, it does not legitimately implicate Crivello. Thus, the claim will be disregarded by the Court.

Bone, 993 F.2d 1328, 1332 (8th Cir. 1993). Here, plaintiff's complaint was verified, and allegations made in pro se litigants' verified pleadings are properly treated as satisfying affidavit requirements. See Hartsfield v. Colburn, 371 F.3d 454, 456 (8th Cir. 2004) (citing 28 U.S.C. § 1746).

**Excessive use of force**

The facts surrounding plaintiff's arrest for possession of marijuana with intent to distribute are set out in more detail in the Order of September 9, 2005, granting summary judgment. Briefly, plaintiff pulled off the highway in Phelps County, Missouri, in response to what turned out to be a ruse drug checkpoint. After exiting, he was pulled over by Sheriff's Deputies Loughridge and Schrimpsher, who informed the plaintiff that they were conducting a traffic stop. Plaintiff alleges that he denied the deputies permission to search the car, and drove off. The deputies pursued him and forced his car to a stop after a short chase. Plaintiff alleges that the officers hit him with their fists and a baton after dragging him out of his car; the officers stated that only a small amount of force was used to effect the arrest. When plaintiff's car was searched, officers found a large quantity of marijuana in the trunk.

Because plaintiff attempted to resist arrest and later stated that he sustained no serious injuries in the course of being arrested by the deputies, the Court concluded that "no reasonable jury could find that Loughridge and Schrimpsher used

- 3 -

unconstitutional force in the process of removing plaintiff from his car and getting him into handcuffs." Order at 10-11.

Plaintiff's claim against Crivello, however, arises under slightly different circumstances. After plaintiff had been arrested, he was driven to a vacant lot, where plaintiff stated that "[Crivello] demanded that Plaintiff cooperate, subsequently striking Plaintiff on the side of his head with his fist. At all times relevant, Plaintiff was handcuffed in the cruiser while the assault took place." In response, defendant Crivello asserts that he was in contact with the plaintiff for the limited purpose of transporting him to the Phelps County jail, but he never struck the plaintiff.

Clearly, there is a factual dispute regarding Crivello's actions while plaintiff was handcuffed in the police vehicle. Summary judgment may nevertheless be appropriate if, even viewing the evidence in the light most favorable to the plaintiff, he cannot prevail as a matter of law. The standard for evaluating a claim that the police used excessive force is one of "objective reasonableness." The reasonableness of the use of force will depend on the circumstances of the case, including "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officer or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Graham v. Connor, 490 U.S. 386, 396 (1989).

The Eighth Circuit "appli[es] Fourth Amendment standards not only to the act of arrest, but also to use of force against an

arrestee who was restrained in the back of a police car." Wilson v. Spain, 209 F.3d 713 (8th Cir. 2000), citing Mayard v. Hopwood, 105 F.3d 1226 (8th Cir. 1997). In Mayard, the plaintiff, after initially resisting arrest, was taken into custody and placed in the back of a police car. Because she continued to struggle in the vehicle and kicked an officer while handcuffed, she was further restrained with a hobble. The plaintiff alleged that after she was restrained and while being transported, the police officer who was driving slapped her, punched her in the chest, and used a racial epithet. The court held that the force used to take her into custody was reasonable, but found that summary judgment was not appropriate on the claim of excessive force in the police vehicle:

> However, accepting Mayard's account of her treatment by Officer Meyer while being transported to police headquarters, the force allegedly used against Mayard by Officer Meyer while she was handcuffed and hobbled in the rear of the squad car was not objectively reasonable. . . . Respectfully, we cannot agree with the district court's finding that Mayard has failed to establish the existence of an essential element of her case by not demonstrating any injury that rises to the level of a constitutional injury.

Mayard v. Hopwood, 105 F.3d 1226, 1228 (8th Cir. 1997)

As opposed to the actions of the arresting officers, who used reasonable force to prevent the plaintiff's flight, it is undisputed that Crivello did not interact with the plaintiff until after the arrest took place. Plaintiff asserts that he was handcuffed in the police car when Crivello hit him, and thus was not resisting arrest or posing a threat to the officers. If true,

Crivello's actions do not appear to be reasonable under the circumstances.

Defendant urges the Court to focus on the result of the alleged force, and the minor, if not non-existent, nature of the plaintiff's injuries. Under the reasonableness inquiry, the degree and result of the force may be considered. See Crumley v. City of St. Paul, Minnesota, 324 F.3d 1003, 1008 (8th Cir. 2003) (finding that the absence of injury bolstered the conclusion that any force used was reasonable); Curd v. City Court of Judsonia, Arkansas, 141 F.3d 839, 841 (8th Cir. 1998) (no excessive force where plaintiff was not injured and did not experience physical pain); Foster v. Metropolitan Airports Comm'n, 914 F.2d 1076, 1082 (8th Cir. 1990) (allegations of pain, without evidence of more permanent injury, were insufficient to support claim of excessive force).

To prevail on a Fourth Amendment excessive force claim, the Eighth Circuit has stated that a plaintiff must show an "actual injury." Hanig v. Lee, 415 F.3d 822, 824 (8th Cir. 2005), citing Dawkins v. Graham, 50 F.3d 532, 535 (8th Cir. 1995). Actual injury has been established by something as minor as "a 'single small cut of the lateral right eyelid and small scrapes of the right posterior knee and upper calf.'" Lambert v. City of Dumas, 187 F.3d 931, 936 (8th Cir. 1999). Likewise, in Dawkins, the court concluded that actual injury was proved because one plaintiff "had sustained bruises and a facial laceration, another sustained bruised knees and elevated blood pressure, and a third suffered from posttraumatic stress disorder." Dawkins, 50 F.3d at 535.

Plaintiff has alleged that he received bumps and bruises from officers during and immediately following his arrest, and plaintiff's deposition testimony is consistent with this allegation. The defendant claims that plaintiff's failure to seek medical attention after his arrest or when he was booked constitutes conclusive evidence that the plaintiff was not injured.[2] It is clear that whatever plaintiff's injuries were, they were not severe enough to prompt him to ask for medical attention from facilities he was taken to later on the day of his arrest. However, according to Dawkins and Lambert, plaintiff has alleged an "actual injury."

Although an inquiry into the reasonableness of force may include a consideration of the amount of force used and the resulting injuries, such an inquiry does not replace the overarching standard of objective reasonableness. Plaintiff has alleged facts which, if proved, indicate a use of force that was unreasonable under the circumstances.[3] Material facts are in dispute, and summary judgment is therefore inappropriate for the excessive force claim.

---

[2] The Court notes that this fact is disputed: although plaintiff has testified that he did not request medical attention from Loughridge or Schrimpsher, he did ask to see a doctor while he was being transported to the Phelps County jail by Crivello. Crivello denies that the plaintiff requested medical attention from him.

[3] Of course, plaintiff will also have the burden of proving that any "actual injury" was the result of Crivello's application of force, rather than the minimal reasonable force that was used by other defendants in arresting the plaintiff.

**Denial of medical attention**

The plaintiff's second claim is that the defendant denied him medical attention in violation of his Eighth Amendment right to be free from cruel and unusual punishment. The plaintiff admitted that he stated he was not injured immediately after being handcuffed by Loughridge and Schrimpsher. According to the booking report, the plaintiff did not state that he had any medical needs or injuries at the time of booking. Plaintiff also concedes that at no time after leaving the custody of Phelps County did he ask for medical attention for his alleged injuries. The gravamen of plaintiff's claim is that he asked for a doctor while Crivello was transporting him to the Phelps County jail, and was told that no doctor was available because it was Sunday.

"Although this court has not yet established a clear standard for determining when pretrial detention is unconstitutionally punitive, we have applied the Eighth Amendment 'deliberate indifference' standard." Owens v. Scott County Jail, 328 F.3d 1026, 1027 (8th Cir. 2003). To succeed on a claim under this standard, a plaintiff must prove an official's "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious even a layperson would easily recognize the necessity for a doctor's attention." Sheldon v. Pezley, 49 F.3d 1312, 1317 (8th Cir. 1995) (internal quotations omitted). "The plaintiff[] must demonstrate (1) that [he] suffered objectively serious medical

needs and (2) that the prison officials actually knew of but deliberately disregarded those needs." Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997). There is a factual dispute about whether the plaintiff asked for medical attention during the ride to the jail; however, plaintiff did not have objectively serious medical needs. The defendant is entitled to summary judgment on this claim.

Accordingly,

**IT IS HEREBY ORDERED** that the defendant's motion for summary judgment [#56] is **granted in part** and **denied in part**. At the conclusion of this case, the Court will enter judgment in favor of defendant Crivello on plaintiff's claim of denial of medical care.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 7th day of February, 2006.